ADAM GORDON
United States Attorney
SHIVANJALI A. SEWAK
Assistant United States Attorney
California Bar No.: 329024
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7981
Email: Shivanjali.Sewak@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ROMO (1),<br>WILLIAM KIDWELL, JR. (2),<br>MOISES QUINONES (3),<br>NORMA MENDOZA (5),<br>NICOLE SOLIS (6),<br>SHELDON HOLLINS (7),<br>JONATHAN ZITTLE (9),<br>BRIAN KELLER (10),<br>GIANETTA CANTU (11),<br>ERICA MARTINEZ (12),<br>ABIGAIL GARAVAGLIA (13),<br><br>Defendants. | Case No.: 26-cr-03887-RSH<br><br>**JOINT MOTION FOR ORDER AUTHORIZING DISCLOSURE AND PROTECTIVE ORDER REGARDING DISCOVERY** |

The parties, United States of America, by and through its counsel, and the above-captioned defendants, through their attorneys, hereby jointly move pursuant to Federal Rules of Criminal Procedure 6(e) and 16(d) ("Rules") and General Order No. 514 of the

United States District Court for the Southern District of California ("General Order No. 514"), that: (1) the Court authorizes the United States to disclose grand jury matter in connection with this judicial proceeding; and (2) for the Court to enter a Protective Order pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations. The parties jointly agree to the following:

1. Any discoverable documents that were filed under seal shall be unsealed for the limited purpose of allowing the United States to provide them to the defendant and defense counsel in discovery.

2. All discovery produced by the United States pursuant to the Protective Order in this case is for use by the defense team solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose. The defense team may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the defense team except as further set forth herein. Further, although Defendants are able to review it with counsel, Defendants may not keep copies of any discovery provided to him/her. The phrase "defense team," as used in this Order, includes the defendants, attorneys of record in the case, as well as attorneys, paralegals, investigators, experts, and assistants employed by the attorneys of record and performing work on behalf of the defendants.

3. Counsel of record shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of the defense team is advised of the Order and agrees in writing to be bound by its terms.

4. The defense team shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

5. The defense team may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case, provided that

the defense team informs any such individual(s) of this Order and obtains his/her/their written agreement to be bound by its terms.

6. The defense team may show witnesses discovery materials as necessary for the preparation of the defense, but may not provide copies of the materials to witnesses absent further order of the Court.

7. To the extent that the discovery materials contain any individual's personal information within the meaning of General Order 514, the defense team shall redact any filings referencing or containing said materials in a manner consistent with General Order 514.

8. The defense team shall destroy or return to the United States any and all copies of the discovery within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

9. At the request of the United States, the defense shall return all copies of material inadvertently produced in discovery.

10. To the extent any criminal discovery materials were filed with the Court under seal, the defense shall file a motion to unseal the documents with notice to the United States before any pleadings or exhibits referencing or containing said materials may be publicly filed; and

//

//

//

//

//

//

//

//

//

//

11. If defense counsel withdraws or is disqualified from participation in this case, the defense team shall return to the United States any and all copies of the discovery within 10 days.

WHEREFORE, the parties jointly request that the Court enter the proposed Protective Order.

DATED: November 23, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

/s/ *Shivanjali A. Sewak*
JILL S. STREJA
SHIVANJALI A. SEWAK
Assistant United States Attorneys

*/s/ Andrew Wong*
Counsel for Defendant
Gabriel Romo

/s/ *Sandra Resnick*
Counsel for Defendant
William Kidwell, Jr.

/s/ *Keith Rutman*
Counsel for Defendant
Moises Quinones

/s/ *Michelle Reynoso*
Counsel for Defendant
Norma Mendoza

*/s/ David Baker*
Counsel for Defendant
Nicole Solis

*/s/ Nicholas DePento*
Counsel for Defendant
Sheldon Hollins

/s/ *David Wilson*
Counsel for
Defendant Jonathan
Zittle

/s/ *Michael Hawkins*
Counsel for
Defendant Brian
Keller

/s/ *Bejamin Kington*
Counsel for
Defendant Gianetta
Cantu

/s/ *Michael Littman*
Counsel for Defendant
Erica Martinez

*/s/ Jennifer Coon*
Counsel for Defendant
Abigail Garavaglia